Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Abraham Suchovalsky against the City of New York. From a judgment for plaintiff, defendant appeals. Reversed and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Archibald R. Watson (Theodore Connoly and Loyal Leale, of counsel), for appellant.

Goldstein & Goldstein, for respondent.

BIJUR, J. This is an action to recover damages for personal injuries sustained by the plaintiff by falling into an excavation in one of the streets of the city of New York. On a previous appeal, this court reversed a judgment in favor of the plaintiff (126 N. Y. Supp. 699), on the ground that there was no evidence that the defendant had actual knowledge of the excavation, or that it existed for such a length of time as to justify the imputation of knowledge on which to predicate negligence for failure to properly guard the excavation.

It is unnecessary to determine whether the same reasons require a reversal on this appeal; for it appears on the plaintiff's own testimony that he was guilty of contributory negligence. He testified that he did not notice where he was, and that he walked straight ahead, without looking where he was going. Plaintiff's own witnesses admit that the street was in such bad condition that it was difficult to cross. A typical answer of the plaintiff was the following:

"It was a dark day, and I did not notice where I was."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(71 Misc. Rep. 261.)

### GERMAN EXCH. BANK v. SCHNITZER.

(City Court of New York, Trial Term. March, 1911.)

BANKRUPTCY (§ 434*)—ACTION—PLEADING—ANSWER.

In an action on a note made by defendant to his own order and indorsed to the plaintiff bank, given for a debt to the bank which had been released by the maker's discharge in bankruptcy, an answer alleging that the note was given with the additional agreement that no suit should be brought thereon, and defendant was to pay only if he were able to do so, states a good defense.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 434.*]

Action by the German Exchange Bank against Marcus Schnitzer. Judgment for defendant.

Steiner & Petersen, for plaintiff.

J. Fred Alsgood, for defendant.

GREEN, J. This is an action tried before the court without a jury, and at the close of the case both parties moved for a direction of a verdict, which motion is now before the court.

The action was brought upon two promissory notes made by the

---

defendant to the order of himself, indorsed by him and delivered to the plaintiff bank, which now sues thereon. The defendant admits the making of the notes in question, but defends upon the ground that he was duly discharged in bankruptcy from the debt in question; that after his discharge, in order to show his good faith to the bank, with which institution he had been doing business for many years, he went to the president and agreed to give him the notes in question, with the understanding that he would pay the interest thereon as it came due, but with the further agreement that he was not to be sued on the notes if he was unable to meet them, but that he was to pay the principal only, if he were able to do so, and the payment to be made in his discretion. In other words, the defendant claims he gave the notes with the conditional agreement that no suit would be brought thereon for the principal, and that he was to pay only if he were able to do so. The plaintiff did not rebut this evidence, and I am satisfied that defendant's statement is true, so that the only question is whether the condition upon which the notes were given is valid and binding in law.

I have examined the voluminous briefs of both counsel and the various points raised therein, and have arrived at the conclusion that this case should be disposed of upon the broad ground set forth hereinbefore as the contention of defendant. When this debt was discharged in bankruptcy, defendant was relieved in law of all obligation resting upon him to pay the original debt, so that when he made the two notes in suit he had the right to couple with the liability ensuing thereon any agreement or condition which he saw fit to make. He made the condition, to which plaintiff's officer, the president of the bank, assented, and the bank took the notes subject to that condition. The case of Persons v. Hawkins, 41 App. Div. 171, 58 N. Y. Supp. 831, seems to be decisive of this question, and in that case it was the maker who made the condition, and he was relieved from liability. Of course, the rule only applies as between the original parties or those having knowledge of the transaction. This principal has been followed in other cases. See Williams v. First Nat. Bank, 45 App. Div. 240, 60 N. Y. Supp. 1105; Utica City Nat. Bank v. Tallman, 63 App. Div. 484, 71 N. Y. Supp. 861.

In view of the law applicable to the case at bar upon the point suggested, it is unnecessary to pass upon the other questions raised. I am of the opinion that the defense interposed is good in law, and that defendant has sustained it by satisfactory evidence. I therefore direct judgment in favor of the defendant, and the same may be entered accordingly.

Judgment for defendant.